Rufus and Jonathan Wainwright *vs.* Joseph Berry.

Addison, January, 1831.

The act passed October 29, 1811, directing where certain suits, to recover for goods, wares and merchandise sold and delivered, shall be brought, does not apply to a single act of selling, on a particular occasion, by one who did not use or follow the trade of vending goods, wares or merchandise, or, if he did, was only transiently in the town in which the sale was made, and had no established business there.

Where a promissory note has been executed for goods, wares and merchandise, sold and delivered, said statute does not apply.

This was an action of *assumpsit* on a promissory note commenced before a justice of the peace, and appealed to the county court. The defendant there pleaded in abatement the following plea :

" That by a certain statute passed October 29, A. D. 1811, it is provided, ' that any action which shall hereafter be brought, before any justice of the peace, to recover any debt, dues, or demands, for any goods, wares or merchandise, sold and delivered in any town in this state, the plaintiff having removed from or not residing in such town, such action shall be brought in the town in which such goods, wares, and merchandise, were sold and delivered, and in which the contract was, or shall be, made, or in the town in which the defendant resides.' And the defendant says, that, at the time of giving the note in the plaintiffs' declaration specified, and for a long time before and ever since, the plaintiffs have been engaged in the business of manufacturing stoves of cast iron, and of transporting the same to various parts of the state for sale, as an article of merchandise, and that the plaintiffs in the course of their said business, did transport to the town of Grand-Isle, in the county of Grand-Isle, a quantity of stoves to be there vended and disposed of, as aforesaid, by their agent, by them authorised for that purpose. And the defendant avers, that in November, 1826, he purchased of the plaintiffs one of the said stoves, by a contract made with them through their said agent ; which contract of sale and purchase was made in the town of Grand-Isle, in the county of Grand-Isle : and the said stove so purchased by him of them, as aforesaid, was delivered to the defendant agreeably to said contract, at Grand-Isle, in the county of Grand-Isle, on the 25th day of November, 1826, and that the note specified in the plaintiffs' declaration was then and there given for the said stove, and for no other consideration whatever. And the defendant further states, that, at the time of the purchase of said stove, as aforesaid, and ever since, he, the defendant, has resided in the town of Alburgh, in the county of Grand-Isle, and still resides there. Wherefore he says, that the said suit ought not to have been brought in the said town of Middlebury, in said county of Addison, but should have been brought either in the town of Grand-Isle, or in said town of Alburgh. All which he is ready to verify, &c."

The plaintiffs replied, " that the stove for which the note was

ADDISON,
January,
1831.

Wainwright et al
vs.
Berry.

given was not purchased by the defendant of any agent of the plaintiffs to whom a quantity of stoves had been sent or transported, or who had a quantity of the plaintiffs' stoves to be sold in the town of Grand-Isle, or any other town in this state."

To this replication, defendant demurred. The court decided that the replication was sufficient, and that the defendant answer over. The defendant excepted to the decision, and the case was reserved for the opinion of this Court.

After argument by *Linsley*, for the defendant, and *Bates*, for the plaintiffs, the opinion of the Court was delivered by

PRENTISS, Ch. J.—The general provision, in relation to suits cognizable before a justice of the peace, directs that they shall be brought and tried in the town in which the plaintiff or defendant resides; but there is a special provision, which requires, that actions brought to recover any debt, dues, or demands, for any goods, wares, and merchandise, sold and delivered in any town in this state, the plaintiff having removed from, or not residing in such town, shall be brought in the town in which the goods, wares, or merchandise were sold and delivered, or in the town in which the defendant resides.—(*Com. Stat. p.* 149.) The question presented by the pleadings is, whether the case is within the latter provision. Although the words of the provision are somewhat general, yet the reason and object of it confine it to cases, where a person opens a shop or establishes business in a town, as a dealer or trader in goods, wares, or merchandise, and afterwards removes from the town, or transacts the business by his agent, not residing there himself. The act applies to a sale made by one who has thus established and carried on business in a town, in which he did not reside, or from which he has removed, and was never intended to apply to a single act of selling on a particular occasion, by one who did not use or follow the trade of vending goods, wares, or merchandise, or, if he did, was only transiently in the town in which the sale was made, and had no established business there. On a different construction of the act, if two persons residing in Middlebury should casually be in a remote town in the state, and one should there sell to the other an article of goods, it would be in the power of the vender to bring his action, to recover for the article sold, in such remote town.

But the action is brought upon a note of hand, and it may well be doubted, whether the act ought to be construed to extend to

such a case. The note is an entire and perfect contract in and of itself, and the action being founded upon that, it would seem to be an anomalous proceeding to inquire into the consideration of the note for the purpose of deciding where the action should be brought. Where a note is negotiated, and an action is brought upon it by the indorsee in the town in which he resides, to allow the action to be defeated by a plea, that goods, sold and delivered in some other town, formed the consideration of the note, would be as unreasonable as it would be vexatious. There appears to be no necessity for such an enlarged construction of the act, since the words of it may be sufficiently satisfied, by applying it to actions brought professedly and directly to recover for goods sold.

Judgement affirmed.