Stone et al. *v.* Hazen.

PUTNAM G. STONE & JAMES EVERSON *v.* HEMAN L. HAZEN.

*Action.   Construction of* § *36, Chapt.* 29, *Comp.   Stat.*

Section 16, Chapter 26, of the Revised Statutes, (Section 36, Chapter 29,Comp. Statutes,) directing the place of bringing suits for goods, wares, and merchandize, sold and delivered, does not apply to a single act of selling, by one who was only transiently in the town in which the sale was made, and had no established business there.   *Wainwright et al.* v. *Berry,* 3 Vt. 423.

Where S. & E. had a shop in Rutland for the manufacture of grave stones, and S. resided in said Rutland, E. was transiently in the town of North Hero, and there sold to H. a set of grave stones, and H. neglecting to pay for the same, S. & E. brought a suit to recover the value of the stones, before a justice of the peace in said Rutland; upon a trial, on a plea in *abatement,* it was held, that the action was properly brought.

BOOK ACCOUNT. The suit was commenced before a justice of the peace, and came before the County Court by appeal, for hearing upon questions arising upon a plea in abatement, replication, rejoinder and demurrer.

The defendant craved oyer of the account, and the same is read to him in these words and figures :

Stone et al. *v.* Hazen.

" HEMAN L. HAZEN, North Hero, Grand Isle Co.

| | |
|---|---|
| " To P. G. STONE & Co., | Dr. |
| " 1850, 18th August. To 1 Set Grave Stones for his father, | $18,00 |
| " 1850, Cr. 7th Nov. By Cash at Alburgh Springs, | 5,00 |
| | $13,00 |
| " Interest for nine months, | ,81 |
| | $13,81 |

The defendant, in his plea in abatement, alleges that by the 16th section of chapter 26 of Revised Statute Laws of this State, it is enacted, that " Suits commenced before a justice to recover debts " or demands for goods, wares, or merchandize, sold or delivered, " shall be tried in the town where such commodities were sold, or " where the defendant resides." And the defendant says, that at the time of the sale and delivery of the goods, &c., charged in the plaintiff's account, and ever since that time, the said plaintiff, Putnam G. Stone, resided, and still does reside, in Fairfax, in the County of Franklin, and the said James Everson has during the same time resided in Rutland, in the County of Rutland, and that neither of said plaintiffs has ever resided in North Hero, in the County of Grand Isle ; that defendant, at the time of the sale and delivery of the goods, for which this suit is brought, and long before, and ever since that time, has resided in said town of North Hero. That plaintiffs at the time, and ever since, have been engaged in the business of manufacturing grave stones, and transporting the same to different parts of the state for sale, as commodities of merchandize, and that so far as the articles charged were sold and delivered to the defendant, they were sold and delivered by the plaintiffs to the defendant in the said town of North Hero, and in no other town or place whatever. That the suit was commenced and tried before a justice in the town of Rutland aforesaid, and not in the town where said goods were sold and delivered, nor in the town where the defendant resides, &c.

The County Court, April Term, 1852,—PIERPOINT, J., presiding,—decided that the plea in abatement was insufficient.

Exceptions by defendant.

*G. Harrington, Ormsbee & Harrington* for defendant.

The plain policy and evident intention of the legislature, in the

provision contained in the 16th sec. of the 26th chap. of the Revised Statutes, was to prevent suits being brought by plaintiffs, who might perambulate the state in hawking their commodities, except in the town where the goods were actually sold, or where the defendant resided.

This was a wise policy, to effect a meritorious object, and should receive from the courts a liberal and beneficial construction.

*Thrall & Smith* for plaintiffs.

The statute referred to in the plea, and upon which it is based, is substantially the same, and is identical in principle and purpose with the statute of Oct. 29th, 1811.

The early statute has received its construction in case *Wainwright* v. *Berry*, 3 Vt. 423, upon a case similar in circumstances to the case on trial. That construction should be followed.

For rule in construing statutes, see *Whitcomb* v. *Rood*, 20 Vt. 49. *Winchell* v. *Pond*, 19 Vt. 198.

The opinion of the court was delivered by

BENNETT, J.   The defendant claims to abate the plaintiff's writ upon the ground that the place where the writ was made returnable was a wrong one. By the Revised Statutes, (Williams' Comp. p. 234,) it is enacted, " that suits commenced before a justice of the "peace, to recover debts or demands *for goods, wares*, and mer- "chandize, sold or delivered, shall be tried in the town where such " commodities were sold, or where the defendant resides."

It is claimed, that the grave stones for which the action was brought, were sold and delivered at North Hero, and that the action should have been brought there, and not in Rutland, where one of the plaintiffs resides, and where they have their place of business. But we think the action was well brought in that town.

This was a casual sale of a set of grave stones. The plaintiffs had no shop or established place of business in North Hero, and were only transiently there when the sale was made, if that is to be regarded as the place of sale, of which there may be some doubt. The act does not apply to a single transaction, as that was not the mischief intended to be remedied. The reason and object of the statute was to confine it to cases, where the party establishes a place of business in some town, as a dealer in *goods, wares, and*

*merchandize.* If a single article is sold to an individual, no evil results in suffering the action to be brought in the town where one of the parties resides; and such a case does not require a modification of the general rule, as to the place where the action should be brought.

This was the settled construction of our former statute. See *Wainwright* v. *Berry*, 3 Vt. 424, and we think the two statutes are not to have a different construction.

The judgment of the County Court is affirmed.