## J. R. RICHARDSON, APPELLANT, v. C. S. STEVENS.

*Statutes. Justice of the Peace. Jurisdiction. Peddler. Venue.*

The plaintiff, a resident of Ludlow, when peddling at Brattleboro', there sold some of his wares to the defendant, who was a resident of Topsham. The plaintiff sued the defendant for the price of the goods, the writ being made returnable before a justice of the peace at Ludlow. *Held*, that the writ should have been made returnable at Brattleboro' or Topsham, and not at Ludlow.

Section 33 of chapter 31 of the General-Statutes applies to the sales of a peddler made in the usual course of his business.

ACTION on book, originally brought before a justice of the peace. Tried on appeal in the county court at the May term, 1867, BARRETT, J., presiding, upon an agreed statement of facts, and judgment rendered *pro forma* that the writ should abate, to which the plaintiff excepted.

The facts are sufficiently stated in the opinion of the court.

*William H. Walker*, for the plaintiff.

*Sewall Fullam*, for the defendant.

The opinion of the court was delivered by

STEELE, J. The plaintiff, a resident of Ludlow, was a peddler. He was at Brattleboro' peddling, and while there sold some of his wares to the defendant, who resided at Topsham. The plaintiff's

suit is for the pay for the goods thus sold and delivered. The writ was made returnable before a justice of the peace at Ludlow. The defendant by his plea in abatement claims that, by the provision of section 33 of chapter 31 of the General Statutes, the writ should have been made returnable at either Brattleboro' or Topsham, and not at Ludlow. The question is, simply, whether this statute applies to the sales of a peddler made in the usual course of his business. Whether we look at the terms of the statute, or consider the mischief it was obviously intended to correct, we see no way to avoid the conclusion that it was intended to apply to precisely this class of sales. The decisions upon the previous statute do not help us to a different result. *Wainwright et al.* v. *Berry*, 3 Vt., 424; *Stone et al.* v. *Hazen*, 25 Vt., 178. This sale was not casual. It was made in the line of the plaintiff's ordinary traffic. It was made by a person engaged in the business of vending goods, and, for the time being, engaged in that business at Brattleboro'. He was but transiently at Brattleboro', but this fact arises from the nature of his business as a peddler. His stay may have been transitory, but his being there was not casual. To hold that such a sale was not within the statute, would amount to excepting peddlers from its operation. Such an exception it is not for the court to make.

Judgment affirmed.