### WILLIS V. FARR *v.* FRED C. RAND.

January Term, 1915.

Present: POWERS, C. J., WATSON, TAYLOR, SLACK, and HEALY, JJ.

Opinon filed January 23, 1915.

*Suits Before Justices of the Peace—Where Tried—Suits for Goods, Wares and Merchandise Sold or Delivered—Where Tried—P. S. 1496—Construction.*

P. S. 1496, subd. 3, providing that suits before a justice of the peace to recover for goods, wares and merchandise sold or delivered shall be brought and tried in the town where such commodities were sold or where defendant resides, is applicable only to a vendor who established a business in the town where the sale was made as a dealer in goods, wares and merchandise, and to peddlers going from town to town, and does not apply to a resident of

Burlington selling at Westminster the produce of his farm there, which he received in lieu of rent, to a buyer who resided in that town.

ASSUMPSIT, brought before the city court of the city of Burlington, *C. S Palmer*, Judge. Heard on the issue made by plaintiff's traverse of defendant's plea in abatement. Judgment that the plea in abatement be dismissed, to which defendant excepted. Case passed to the Supreme Court before trial on the merits. The opinion fully states the case.

*Warner A. Graham* and *Sherman R. Moulton* for the defendant.

*Max L. Powell* for the plaintiff.

SLACK, J. The only question before the Court is whether on the facts disclosed by the exceptions the city court properly dismissed the plea in abatement.

This action was brought before the Burlington city court by a resident of that city against a resident of Westminster, Vermont, to recover the purchase price of hay which the plaintiff sold to the defendant at public auction at Westminster on March 9, 1914.

The defendant filed a plea in abatement, setting forth that the action was brought to recover the purchase price of goods, wares and merchandise sold and delivered in the town of Westminster; that the defendant resided in Westminster, and that therefore under the provisions of subdivision III, section 1496 of the Public Statutes the action should have been brought in the town of Westminster, and not in the city of Burlington.

The case shows that the plaintiff owned a farm in Westminster, on which said hay was cut; that he had owned it for fifteen years; that he formerly resided thereon, but that about eight years before this suit was commenced he moved to Burlington, where he has since resided; that he is employed by the Daily Free Press as traveling agent; that this is his only occupation. except as hereinafter stated; that in 1906 he had an auction at said farm and sold off what stock he then owned; that since that time said farm has been leased upon shares; that he has directed about raising the crops, consisting of hay and corn, and when

harvested, the same have been divided and his share has been sold each year, either by his agent or himself; that the hay sold at the auction on March 9, 1914, was purchased by five or six different persons, including this defendant; that the plaintiff conducted no business in Westminster other than looking after his farm, which necessitated his going there two or three times a year, and that he was present at said auction.

Public Statutes, section 1496, subdivision III provides that, "Suits brought before a justice to recover debts or demands for goods, wares and merchandise, sold or delivered * * * shall be brought and tried in the town where such commodities ,are sold * * * or where the defendant resides." The charter of the city of Burlington, Acts of 1908, No. 242, Section 301, provides that the provisions of section 1496 of the Public Statutes, in regard to the town in which writs in certain suits, therein described, shall be made returnable, shall apply to the city court in Burlington.

The purpose and scope of the statute upon which this plea in abatement is based was considered by this Court in *Wainwright* v. *Berry*, 3 Vt. 423. That was an action to recover the amount of a note given for the purchase price of a stove which the plaintiffs' agent sold and delivered to the defendant in the town of Grand Isle. The plaintiffs resided in Middlebury, and the defendant resided in Alburg. The defendant pleaded in abatement that at the time of giving the note, and for a long time before, and ever after, the plaintiffs were engaged in the business of manufacturing stoves, and of transporting the same to various parts of the State for sale as an article of merchandise; that the plaintiffs in the course of their said business sent a quantity of stoves to Grand Isle to be there sold and disposed of by their agent, authorized for that purpose; that the defendant purchased the stove, for which said note was given, of the plaintiffs' said agent at Grand Isle, and that the same was there delivered to him. The plaintiffs replied that the stove for which the note was given was not purchased by the defendant of any agent of the plaintiffs to whom a quantity of stoves had been sent or transported, or who had a quantity of the plaintiffs' stoves for sale in the Town of Grand. Isle. To this replication the defendant demurred. In disposing of the case thus presented, the Court said: "Although the conditions of the provision are somewhat general, yet the reason and object of it confine it to cases, where a person opens a shop, or establishes business in a

town, as dealer or trader in goods, wares and merchandise. * * * The act applies to a sale made by one who has thus established and carried on business in a town * * * and was never intended to apply to a single act of selling on a particular occasion by one who did not use or follow the trade of vending goods, wares and merchandise, or if he did, was only transiently in the town in which the sale was made and had no established business there.''

' While that case presented an instance of a single sale on a particular occasion, yet the language of the Court indicates that it did not consider that those facts alone were determinative. *Stone* v. *Hazen,* 25 Vt. 178, is to the same effect.

The object of this statute is confined to instances where the vendor opens a shop or store, or establishes a business in the town where the sale is made *as a dealer in goods, wares and merchandise,* and to peddlers going from town to town, as was held by this Court in *Richardson* v. *Stevens,* 41 Vt. 120.

The facts in the case at bar do not show that the plaintiff had established business in Westminster as a dealer in goods, wares and merchandise. The mere sale of crops received in lieu of rent, whether sold to one person or to several, at private sale or at public auction, and even though like sales may have taken place on several previous occasions, does not establish the vendor in business as a dealer or trader in goods, wares and merchandise, and does not take the case out of the general provisions of the statutes directing where justice suits shall be made returnable.

*Judgment affirmed and cause remanded.*